UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INTERFACE SECURITY SYSTEMS, L.L.C., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07CV369 HEA |
| CHARLES L. MAY, TERRENCE W. YOUNG and JOHN DOES ONE THROUGH TEN | ) ) ) ) | |
| Defendants. | ) ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Expedited Discovery, [Doc. No. 2]; Plaintiff's Motion for Expedited Discovery, [Doc. No. 2]; Plaintiff's Motion for Order of Court Directing Preservation of Documents, Software and Things, [Doc. No. 3]; Defendant May's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 14]; and Defendant Young's *pro se* Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), [Doc. No. 27]. For the reasons set forth below, the Motions to Dismiss are denied; the Motion for an Order directing the Preservation of Documents, Software and Things is granted and the Motion for Expedited Discovery is denied.

**Facts and Background**[1]

Plaintiff's Verified Complaint alleges the following: Plaintiff is a provider of a broad range of security alarm services. Defendant May was the principal shareholder of Control Security Systems, Inc., (CSSI), a security alarm business. Plaintiff, CSSI, Defendant May and Geraldine May are parties to an Asset Purchase Agreement dated January 30, 2004, through which Plaintiff acquired certain assets of CSSI. Defendant May, in connection with the Asset Purchase Agreement, executed a Non-Solicitation Agreement and a consulting agreement, also dated January 30, 2004. Pursuant to these agreements, since January 30, 2004, Plaintiff has paid Defendant May and his company approximately $1.5 million for the purchase of certain security alarm contracts, to serve as a consultant to assist with the transition of those accounts to Plaintiff and to prevent May from soliciting, selling to, accepting business from, or interfering with those accounts. The Verified Complaint alleges that May has engaged in a systematic campaign to interfere with Plaintiff by *inter alia*, disparaging Plaintiff with customers. Plaintiff claims that Defendant Young, a former employee of and current business partner of May, has aided and abetted Defendant May. The Complaint details the actions

---

[1] This rendition of the facts of this matter are taken from Plaintiff's Verified Complaint. These facts are set forth for the purposes of these motions only and in no way relieve any of the parties from any required proof thereof in later proceedings.

taken by Defendants in their allegedly disparaging campaign.

The Verified Complaint is brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), alleging unfair competition based on Defendant's false, misleading and disparaging statements concerning the nature, characteristics and quality of Plaintiff's services and commercial activities, (Count I). Plaintiff further claims Defendant May breached the Non-Solicitation Agreement, (Count II). Count III states a claim for Trade Libel/Defamation against all Defendants.

## Motion to Dismiss for Lack of Jurisdiction

Defendants May and Young both move to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that the Court lacks subject matter jurisdiction because Plaintiff has failed to allege that these defendants were in "commercial competition" with Plaintiff. Defendant's argument is sadly misplaced.

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.*

Plaintiff's Verified Complaint sets forth that the action is brought for alleged violations of Section 43(a) of the Lanham Act.

Under the Lanham Act, "[a]ny person who, ... in connection with any ... services, ... uses in commerce any ... false or misleading representation of fact, which ... in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities ... [of] another person's ... services ... shall be liable ... by any person who believes ... to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B). The purpose of this Act is "to protect persons engaged in commerce against false advertising and unfair competition." *Am. Italian Pasta Co. v. New World Pasta Co.,* 371 F.3d 387, 390 (8th Cir.2004) (quoting *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir.1998)). "The failure to establish any element of the prima facie case is fatal." *Id.* (citation omitted). *Allsup, Inc. v. Advantage 2000 Consultants Inc.,* 428 F.3d 1135, 1138 (8th Cir. 2005).

Plaintiff's Verified Complaint sets forth all of the above elements. Plaintiff alleges that May and Young made false and disparaging comments regarding Plaintiff via email to customers, potential customers, companies Plaintiff conducted business with and competitors. Plaintiff alleges the comments were to force Plaintiff to capitulate to their arbitration demands; to damage Plaintiff's business; to

unfairly compete with Plaintiff; to solicit employment.  Plaintiff further alleges that Defendants' actions were likely to confuse, mislead and deceive the public.  Allegedly, Defendants emailed to individuals across the United States and affected commerce.  Finally, Plaintiff claims to have been injured by Defendants' emails.

Defendants' emphasis on the fact that Plaintiff has failed to specifically allege that the parties were in "commercial competition" is unavailing.  Even assuming that this is an "element" of a Section 43 Lanham Act suit, Plaintiff's Verified Complaint satisfies the jurisdictional pleading requirement in that Plaintiff has clearly pled that Defendants engaged in "unfair competition."  Assuming the truth of this allegation, and the inference to be drawn that in order to "unfairly compete" the parties must, by necessity, be in competition, Plaintiff has set forth this element.

## Motion to Dismiss for Failure to State a Claim

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint.  A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005).  When considering a motion to dismiss, courts are required to accept the

complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Plaintiff's Verified Complaint satisfies the pleading requirements of Rule 12(b)(6). Plaintiff sets forth the basis of its action and the provisions under which statute it is proceeding. Plaintiff has apprised Defendants of the actions it alleges constitute a violation of the Lanham act. Defendant's objections to the Complaint address issues of proof, which, at this stage of the proceedings is not before the Court. Defendant seeks to impose a heightened pleading requirement not

authorized under the Federal Rules of Civil procedure.  All that is required of Plaintiff is that the complaint set forth a plain and concise statement of its claim such that Defendants can formulate their responsive pleading.  Fed.R.Civ.P. Rule 8. Plaintiff's Verified Complaint satisfies this requirement.  Specific details surrounding these claims can most certainly be ascertained through discovery.  As such, Defendants' Motion to Dismiss for Failure to State a Claim is without merit.

## Motion for Expedited Discovery

Plaintiff seeks expedited discovery based on the premise that it is going to file a Motion for Preliminary Injunction and that expedited discovery will assist with this Motion.  Plaintiff has not, to date, filed such a Motion[2].  Even assuming Plaintiff's intent, the Court is unpersuaded that discovery at this stage is necessary. Plaintiff has failed to present exigent circumstance which would justify requiring Defendants to engage in discovery prior to the Rule 16 conference, particularly in light of the fact that Defendants' motions to dismiss have been denied and they are now required to file their answers to Plaintiff's Verified Complaint.  The Motion is therefore denied.

---

[2] This is most analogous to the famous character of Wimpy from an episode of the Popeye cartoon series. Wimpy had a great addiction to hamburgers and it seemed could never get enough of them. To satisfy his addiction Wimpy was always willing to "gladly pay you Tuesday for a hamburger today." It was a special group which yielded to his melodic chant. This Court opts to not be a member of a special group today.

### Motion for Order of Court Directing
### Preservation of Documents, Software and Things

Defendant May agrees that he will preserve documents, software and things. Although Defendant Young vaguely argues that Plaintiff is not entitled to inspect his computer, he does not raise any issues regarding the appropriateness of preservation of evidence in this matter. The Court agrees that all documents, software and things relating to this matter should be preserved. The Motion is therefore granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Discovery, [Doc. No. 2] is denied; Plaintiff's Motion for Order of Court Directing Preservation of Documents, Software and Things, [Doc. No. 3], is granted; Defendant May's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 14]; and Defendant Young's *pro se* Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), [Doc. No. 27], are denied.

Dated this 2nd day of May, 2007.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE